IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Vanessa Marie Waldo,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>　　　　　　Defendant. | Civil Action No. 9:18-cv-1324-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed July 3, 2019, recommends the decision of the Commissioner be affirmed. ECF No. 22. On July 17, 2019, Plaintiff filed objections to the Report. ECF No. 23. On July 31, 2019, the Commissioner filed a response to Plaintiff's objections. ECF No. 24. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB in September 2012, alleging disability as of October 11, 2011 due to back injury and pain, avascular necrosis of shoulder, fibromyalgia, and chronic pain. R[2]. at 337. Plaintiff's application was denied initially and upon reconsideration. On August 27, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). On November 2, 2014, the ALJ issued a partially favorable decision, finding Plaintiff disabled for a closed period between October 5, 2011 and August 23, 2013, but finding Plaintiff medically improved as of August 24, 2013 and no longer disabled as of that date. R. at 116-131. Plaintiff requested review by the Appeals Council, which vacated the hearing decision and remanded to the ALJ with instructions to further consider Plaintiff's residual functional capacity ("RFC") during the entire period, to provide a rationale with specific references to evidence in support of the assessed limitations, and to evaluate the treating and non-treating source opinions and explain the weight given to the opinion evidence. R. at 137-140. A second hearing before the ALJ was held July 28, 2016. The ALJ issued a decision

---

[2] Citations to the Record are denoted by "R."

3

on March 15, 2017, finding Plaintiff was disabled for a closed period from October 5, 2011 to August 23, 2013, and that medical improvement occurred as of August 24, 2013, and Plaintiff's disability ended on that date. R. at 17-30. Plaintiff again requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. R. at 1-4. Plaintiff filed this action May 15, 2018. ECF No. 1.

## Discussion

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. Plaintiff objects to the Report, arguing: (1) her disability did not end as of August 24, 2013 due to medical improvement; and (2) the ALJ improperly considered and analyzed the opinion evidence, including the treating source opinion of Dr. Nolan. ECF No. 23. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge and, to the extend they can be considered specific objections, fail on the merits. ECF No. 24.

*1) Medical Improvement*

Plaintiff first argues the ALJ found she was completely disabled on August 23, 2013, but medically improved to be able to perform light work "literally overnight" on August 24, 2014. ECF No. 23 at 2. She contends it "would be expected" for her to improve enough to perform sedentary work at some point in the healing process, instead of jumping straight from disabled to light work. *Id.* at 3. She argues the Magistrate Judge "essentially repeated the ALJ's explanation for this finding in his decision," and did not appropriately credit Dr. Nolan's, Plaintiff's pain management specialist, notes regarding continuing pain. She disputes the reliance on Dr.

4

Kupferman's note of June 3, 2013, because that doctor did not discuss back pain with her and therefore cannot be used as evidence of her medical improvement. *Id.* at 4.

In response, Defendant notes the Magistrate Judge "properly considered . . . and rejected" the argument that the ALJ found Plaintiff medically improved in one day, citing the ALJ's finding that "after a reasonable period of recovery," Plaintiff had unremarkable examinations with Dr. Nolan. ECF No. 24 at 4. It also notes Plaintiff relies on her subjective pain complaints to Dr. Nolan as clinical medical evidence, which Defendant disputes. *Id.* at 5. Finally, Defendant notes the ALJ did not consider Dr. Kupferman's treatment note in a vacuum. *Id.* at 6.

The court finds Plaintiff's argument regarding the ALJ considering her "medically improved in one day" unavailing and somewhat disingenuous. Plaintiff argues "if Plaintiff experienced 'steady improvement' during her closed period of disability as stated by the Magistrate Judge, it would be expected that she would have initially reached the point where she would be capable of performing sedentary work" before she was able to perform light, full-time work. ECF No. 23 at 2-3. This argument mischaracterizes the ALJ's findings: his opinion is clear he found Plaintiff to be "limited to the range of sedentary work described above" but "unable to sustain work-related physical and mental activities in a work setting on a regular and continuing basis . . . for the period from October 5, 2011 to August 23, 2013." R. at 23. Further, the ALJ found Plaintiff medically improved as of August 23, 2013, "following a reasonable and limited period of recovery" after her surgeries. R. at 26. Accordingly, it is clear the ALJ concluded exactly what Plaintiff complains he failed to find: she was unable to work and disabled due to her severe impairments as of October 5, 2011, underwent several surgeries, then showed steady improvement

after the surgeries to the point where she was deemed "medically improved" and therefore not disabled as of August 23, 2013.

As to Dr. Nolan's reports of continued pain, the court acknowledges Dr. Nolan's medical records contain both Plaintiff's reports of continued pain and Dr. Nolan's examinations, which often note "in distress appropriate to pain complaint" and "appropriate affect for pain complaint." *See, e.g.*, R. at 665, 669. However, Dr. Nolan's records also show Plaintiff's pain was treated with injections and medication, and was "improved with last injection." *E.g.*, R. at 669, 672 (pain reported as 4/10, as opposed to 8/10 and 6/10 at the previous two visits). As noted by the Magistrate Judge and the ALJ, this shows decreasing pain over time and as the date it was determined she was "medically improved" neared.

The court also agrees the ALJ considered the entirety of Dr. Nolan's medical records and Dr. Kupferman's July 2015 treatment note in context of all the medical records to determine Plaintiff was medically improved by August 23, 2013. This court cannot reweigh the evidence to reach a different conclusion than the ALJ; as his decision was supported by substantial evidence, the court will not disturb it.

    *2) Opinion Evidence*

Plaintiff also objects to the Magistrate Judge's findings regarding the opinion evidence, specifically the treating source opinion by Dr. Nolan and the opinions of two non-examining state agency medical consultants. ECF No. 23 at 4. She notes Dr. Nolan's records "are replete with reference to abnormal medical findings during her examinations, to the extent that she was administered numerous injections to her neck, back and shoulders and prescribed Morphine (MS

6

Contin) and other strong medication for chronic pain control," and therefore, should be considered to be consistent with his opinion regarding her ability to work. *Id.* at 5. She argues the ALJ did not properly consider Dr. Nolan's history as a treating physician in assigning weight to his opinion.

Defendant argues substantial evidence supports the ALJ's evaluation of Dr. Nolan's opinions, and explains the ALJ provided support for his determinations regarding these opinions. ECF No. 24 at 7. It notes the court should not reweigh evidence. *Id.* Further, Defendant contends substantial evidence supports the ALJ's evaluation of the state agency opinions, which were consistent with the record. *Id.* at 9. Finally, Defendant argues the ALJ did not "substitute" his opinion for that of a physician in weighing the opinion evidence and assessing the RFC, as the ALJ did what the Social Security Regulations require him to do in making the ultimate RFC determination. *Id.* at 11.

The court agrees with the Magistrate Judge the ALJ properly supported his findings and application of the opinion evidence. The ALJ noted Dr. Nolan was Plaintiff's "treating pain management physician," and considered his opinions regarding Plaintiff's ability to work for the period of disability between October 2011 and August 2013 and for the period after August 24, 2013, and accorded the opinion little weight each time. For the period after August 24, 2013, when the ALJ found Plaintiff had medically improved, he gave Dr. Nolan's opinion little weight because he found the opinions overly restrictive given Plaintiff's medical records and the activities she was able to perform. This is not an improper application of a legal standard, and, after a review of the record, the court finds the ALJ's determination supported by substantial evidence.

7

The court finds Plaintiff's objection regarding Dr. Tyler's opinion unavailing. Plaintiff argued the two state agency medical consultants' opinions were afforded "great weight" by the ALJ, but Dr. Tyler's opinion was given great weight by the agency consultants but little weight by the ALJ. Plaintiff finds this inconsistent. However, the ALJ explained he gave great weight to the agency "medical findings," which he found to be supported by the evidence of record. He afforded little weight to the agency findings regarding restrictions, and so noted this in his opinion. R. at 30. Therefore, the court finds no inconsistency as the ALJ explained his reasoning, and this objection is overruled.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 7, 2019